UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C.M.F. INDUSTRIES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAM WINCH AND HOIST, LTD., a Texas Limited Partnership,<br><br>Defendant. | Case No. C09-0349 MJP<br><br>ORDER ON MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER |

This matter comes before the Court on Defendant's motion to dismiss for improper venue, or alternatively, to transfer. (Dkt. No. 8.) The Court has reviewed the motion, Plaintiff's response (Dkt. No. 12), Defendant's reply (Dkt. No. 16), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Defendant's motion.

**Background**

Plaintiff employs five individuals and manufactures custom parts and equipment. (Dkt. No. 13 at 1-2.) In June 2006, Defendant contracted with Plaintiff to provide various parts to be used in the production of Defendant's winches and hoists. (Dkt. No. 1 at 2.) From 2006 to 2008, Defendant sent purchase orders to Plaintiff for custom parts. (Id.) Plaintiff manufactured the ordered parts, and transferred them to Defendant's FOB carrier at its warehouse in Kent, Washington. (Dkt. No. 1 at 2.)

ORDER ON MOTION TO DISMISS
OR TO TRANSFER- 1

On March 18, 2009, Plaintiff filed a complaint claiming that Defendant failed to make full payments on outstanding invoices in the amount of $116,092.37. (Dkt. No. 1 at 2) Defendant denies these allegations. (Dkt. No. 2.) On May 28, 2009, Defendant moved to dismiss for improper venue, or alternatively, to transfer this action to the Southern District of Texas.

**Discussion**

I. Standard for reviewing a Rule 12(b)(3) Motion

This Court has the authority to dismiss an action for improper venue under Federal Rule of Civil Procedure 12(b)(3). While Plaintiff has the burden of showing that venue is properly laid in the district in which the suit is initiated, in the context of a FRCP 12(b)(3) motion, "the trial court is obliged to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v Schneider Nat., Inc., 349 F.3d 1133, 1224 (9th Cir. 2003). When deciding a challenge to venue, the pleadings need not be accepted as true, and the district court may consider facts outside of the pleadings. Argueta v. Banco Mexicano, 87 F.3d 320, 324 (9th Cir. 1996).

II. Requirements of 28 U.S.C. § 1391(a)-(c)

An action in federal court on diversity jurisdiction may be brought in any venue that meets the criteria of 28 U.S.C. § 1391(a): (1) a judicial district where any Defendant resides; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) a judicial district in which any Defendant is subject to personal jurisdiction at the time the action is commenced. See Cottman Transmission Systems v. Martino, 36 F.3d 291, 294 (3rd Cir. 1994) (finding any qualifying venue sufficient, even if it is not the best forum for the litigation); Rene v. Godwin Gruber, LLP No. C05-0770, 2005 U.S. Dist. WL 187117, at *1 (9th Cir. Oct. 3, 2005) (finding Western District of Washington proper venue when the requirements of 28 USC § 1391(a) were met). Defendant argues that this district does not meet the required criteria because Defendant has had insufficient contact with the state of

Washington, and argues that Texas is the proper forum because the Defendant corporation is domiciled in Texas.

The Court finds Defendant's assertion incorrect. This district qualifies as a proper forum under 28 U.S.C. § 1391(a)(3) because Defendant is subject to personal jurisdiction here. Washington's long-arm statute establishes personal jurisdiction over a foreign party to the full extent permitted by due process. Byron Nelson Co. v. Orchard Management Corp., 95 Wash.App. 462, 465 (1999). Due process is satisfied when: (1) the non-resident Defendant purposefully does some act or consummates some transaction in the forum state; (2) the cause of action arises from, or is connected with, such act or transaction; and (3) the assumption of jurisdiction does not offend traditional notions of fair play and substantial justice. Noel v. Hall, 341 F.3d 1148, 1169 (9th Cir. 2003).

When Defendant contracted with Plaintiff, a Washington corporation, Defendant availed itself of the privilege of conducting business in Washington, thereby acquiring the benefits and protections of Washington law. Byron Nelson Co., 95 Wash.App at 465 ("initiating contact for the purpose of establishing a business relationship is the first step in submitting to the jurisdiction of the state"). Defendant sent purchase orders for parts to Plaintiff in Washington purposefully initiating contact with Plaintiff in Washington and renewing that contact through each subsequent order. See Crown Controls, Inc. v. Smiley, 47 Wash.App. 832, 836 (1987) (finding personal jurisdiction where an Oregon buyer telephoned a Washington seller in a disputed transaction regarding goods that were shipped from Washington). The Court finds this sufficient to establish personal jurisdiction over Defendant and to establish this district as a proper forum.

Additionally, the Terms and Conditions that govern the parties' dealings show that Defendant received the goods purchased from Plaintiff within the State of Washington because the contract identifies Plaintiff's prices for the goods as "FOB Kent, Wash." (Dkt. No. 13, p. 5.) A seller's goods are deemed transferred to a buyer once they are placed on the

ORDER ON MOTION TO DISMISS
OR TO TRANSFER- 3

FOB carrier. RCW 61A.2-319(1)(a); National Finance Co. v. Emerson, 117 Wash. 297, 298 (1921). Although Defendant argues that it never expressly agreed to the FOB shipment, and authority dictates that delivery terms alone do not satisfy minimum contacts with a forum state, Defendant does not allege to have challenged these Terms and Conditions, and combined with its entering into contract with Plaintiff, the Court finds that Defendant has exceeded the contact necessary for Washington courts to subject Defendant to personal jurisdiction.

Finally, the Western District of Washington qualifies as a proper forum under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims occurred in Kent. See Rene v. Godwin Gruber, LLP No. C05-0770, 2005 U.S. Dist. WL 187117, at *1 (9th Cir. Oct. 3, 2005) (finding that, to establish venue, the events must be substantial, have a nexus with the claims alleged, and reflect Defendant's activities, not those of Plaintiff). Although Defendant asserts that it has no contacts with the state of Washington, Defendant (1) conducted business pursuant to the Terms and Conditions providing for FOB Kent, Washington; (2) sent purchase orders to Plaintiff in Washington; (3) allowed its carrier to accept delivery of the goods in Washington; and (4) required its carrier to accept the bills of lading and transport the parts from Washington to Texas. (Dkt. No. 13 at 2-3). The Court finds that the claims alleged by Plaintiff stem directly from these actions and exceed the minimum contacts necessary for Washington courts to uphold Plaintiff's choice of venue.

III.     Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendant alternatively requests that this case be transferred to the Southern District of Texas pursuant to 28 USC § 1404. The purpose of § 1404 is to preserve time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Plaintiff's preference for this forum should not be disturbed unless removal will eliminate substantial inconvenience, and the movant has the burden of establishing that the transferee forum is clearly more

ORDER ON MOTION TO DISMISS
OR TO TRANSFER- 4

convenient. Kendall USA Inc. v. Central Printing Co., 666 F.Supp. 1264, 1267 (N.D. Ind. 1987).

The Ninth Circuit weighs a number of non-exclusive factors when determining a motion to transfer venue: (1) the location where the relevant agreement was negotiated; (2) the state most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forums; (5) the contacts relating to the cause of action in the chosen forum; (6) the difference in the cost of litigation in the two forums; (7) the court's ability to compel the attendance of unwilling witnesses; (8) and the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Defendant argues that convenience of the parties is the most important factor and a transfer is likely to be granted if the transferee forum will be more convenient for the witnesses. (Dkt. No. 8, p. 9-16).

The Court finds that Defendant's assertion is incorrect. While Defendant and Defendant's witnesses reside in Texas and it would be cheaper and more convenient for them to testify in a Texas court, Plaintiff resides in Washington and also has witnesses who live in Washington and will participate and testify in this action. The Court finds that the convenience of witnesses does not, therefore, weigh in favor of a transfer to Texas. Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (refusing to transfer when a transfer would merely shift rather than eliminate the inconvenience).

The same problem undermines Defendant's arguments that a transfer of venue should be granted because this Court may have difficulty in compelling attendance of key witnesses in Texas and Defendant's proof and supporting documents are in Texas. Defendant fails to acknowledge that a Texas Court will have the same difficulties with witnesses in Washington, and Plaintiff's proof and other supporting documents are located in Washington. The Court finds that Defendant fails to show any overall advantage that would be gained or any reason to believe that the interests of justice would be better served by a change in venue.

**Conclusion**

The Court finds that venue is proper in Washington as Defendant's actions within Washington exceed minimum contacts required for personal jurisdiction and a substantial part of the events giving rise to the claims occurred in Washington. The Court also finds that a transfer of this action to Texas would not eliminate all inconvenience to the parties but would shift the inconvenience from Defendant to Plaintiff. In addition, Defendant has not shown that justice demands a transfer. The Court therefore DENIES Defendant's motion.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 13th day of July, 2009.

    /s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER ON MOTION TO DISMISS
OR TO TRANSFER- 6